# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

No. 25-60246
Summary Calendar

———————————

Karlo Jariff Reyes-Soriano,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 837 185

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Karlo Jariff Reyes-Soriano, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) finding him not credible, ordering him removed, and denying his application for asylum, withholding of removal, and protection under the Convention Against

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Torture (CAT). The BIA affirmed without opinion, thereby adopting the IJ's opinion, so we ascribe the IJ's determinations to the BIA on appeal. *See Singh v. Sessions*, 880 F.3d 220 (5th Cir. 2018) (permitting review of IJ's decision when adopted by the BIA).

Because the BIA's credibility determination is reviewed for substantial evidence, we will not disturb it unless the evidence "compels" a contrary conclusion. *See Singh v. Sessions*, 880 F.3d 220, 224-25 (5th Cir. 2018). The BIA's adverse credibility decision is grounded in "specific and cogent reasons derived from the record." *See id.* Reyes-Soriano disputes the weight to be given to discrepancies between his testimony and the police report filed by his brother. However, the determination was also grounded in discrepancies between Reyes-Soriano's testimony before the IJ and in his credible fear interview. Ultimately, Reyes-Soriano cites nothing compelling a contrary conclusion. The adverse credibility finding suffices to deny the petition for review as to his claims for asylum and withholding. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Consequently, there is no need to consider his arguments concerning the merits of these claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, Reyes-Soriano challenges the BIA's rejection of his CAT claim, which is also reviewed for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). One who seeks CAT relief must show he more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Reyes-Soriano does not show that the evidence compels a conclusion contrary to that of the agency on this issue. *See Zhang*, 432 F.3d at 344. He does not address, and thus abandons any argument he may have had concerning, the BIA's conclusion that he had not shown that he could not avoid harm by relocating. *See Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006); *Lopez-*

No. 25-60246

*Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022).  Finally, his country conditions evidence does not show that he likely will be singled out for torture.  *See Morales*, 860 F.3d at 818; *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).  The petition for review is DENIED.